

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–14–359

| | |
|---|---|
| YOSEF KAPACH<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>BETTINE FIELD CARROLL<br><div align="right">APPELLEE</div> | **Opinion Delivered** MARCH 4, 2015<br><br>APPEAL FROM THE MARION COUNTY CIRCUIT COURT<br>[NO. CV 2010-92-3]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>REBRIEFING ORDERED |

**CLIFF HOOFMAN, Judge**

This appeal follows a bench trial wherein the trial court dismissed appellant Yosef Kapach's complaint for unjust enrichment with prejudice. On appeal, he challenges the trial court's decision on the merits and its refusal to admit proferred Exhibit C-1 into evidence. Because of deficiencies in the appellant's abstract and addendum, we do not reach the merits of this appeal and, instead, order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) (2014) provides that "[t]he appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."

Here, the appellant's abstract simply states that Exhibit C-1 was proferred to the court. It fails to include the corresponding discussion regarding the admissibility of this exhibit,

including the specific objection the appellee made to its admission. This information is necessary to understand the case and decide this point on appeal. Therefore, we must order rebriefing.

Additionally, the appellant's amended complaint includes causes of action against two additional parties, Marion County Abstract Company and Clarice Siegman. The trial court's judgment does not address the disposition of the claims against these parties, and the addendum fails to include orders disposing of them. This information is essential for this court to confirm its jurisdiction, and we order the appellant to supplement his addendum to include the orders dismissing Marion County Abstract Company and Clarice Siegman.

Pursuant to Arkansas Supreme Court Rule 4–2(b)(3), the appellant is afforded an opportunity to cure these deficiencies and has fifteen days within which to file a substituted abstract, addendum, and brief. Upon the filing of such a substituted brief, the appellee will be afforded an opportunity to revise or supplement her brief in the time prescribed by the clerk. *Id*. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellant to review our rules to ensure that no other deficiencies are present. *Wells v. State*, 2012 Ark. App. 151. If, after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rules. *Id*.

Rebriefing ordered.

ABRAMSON and HIXSON, JJ., agree.

*Davis Law Firm*, by: *Steven B Davis*; and *Cherryhomes Law Firm*, by: *Michael Tom Cherryhomes*, for appellant.

*Everett, Wales & Comstock*, by: *Jason H. Wales*, for appellee.